RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYNTHIA BECKER**, individually on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**REAL ESTATE HEAVEN INTERNATIONAL, INC.**,<br><br>Defendant. | Case No. 2:21-cv-02578-MCS-PVC<br><br>**JOINT SCHEDULING REPORT AND DISCOVERY PLAN**<br><br>Scheduling Conference: June 21, 2021<br>Time: 10:00 a.m.<br>Location: Courtroom 7C<br>Judge: Honorable Mark C. Scarsi |

Pursuant to Federal Rules of Civil Procedure 16, 26(f) and Local Rule 26-1, Plaintiff Cynthia Becker and Defendant Real Estate Heaven International submit the following joint scheduling report and discovery plan:

a. <u>Statement of the Case</u>: This is a putative class action alleging that Real Estate Heaven is liable for sending telemarketing text messages *without consent* to consumers who registered their phone numbers on the National Do Not

Call registry, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  The Complaint includes one claim for alleged violations of the TCPA's restriction of making telemarketing calls to persons whose numbers are registered on the National DNC registry.

b. <u>Subject Matter Jurisdiction</u>: This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227.

c. <u>Legal Issues</u>: The key legal issues anticipated by the parties follow: whether Defendant REH Real Estate systematically sent multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts; whether Defendant REH Real Estate's texts to Plaintiff and other consumers were sent for telemarketing purposes; whether Defendant's conduct constitutes a violation of the TCPA; whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; whether Defendant has valid defenses to the allegations in the Complaint and whether Plaintiff can meet its burden under Rule 23(a) of the Federal Rules of Civil Procedure of establishing numerosity, commonality, typicality and adequacy with respect to each of its proposed classes, as well as at least one ground for certifying a class pursuant to Rule 23(b).

d.  <u>Parties, Evidence, etc.</u>: Cynthia Becker, Plaintiff; Real Estate Heaven International, Inc., Defendant; Defendant's CEO and Founder, Paul Argueta. Plaintiff intends to use as evidence call records, which are believed to be maintained by Defendant and Defendant's vendors providing it with lead generation and dialer services, including Mojo and Vulcan7. Plaintiff also intends to use as evidence documents concerning Defendant's training materials concerning cold calling and compliance with the National DNC registry. Defendant intends to use as evidence the records it used to call the phone number in question and the specifications of the lists that it buys from its vendors and uses in its business.

e.  <u>Damages</u>:  Plaintiff and the putative Class are entitled to between $500 and $1,500 for each violation of the Telephone Consumer Protection Act by Defendant.

f.  <u>Insurance</u>: Defendant does not believe that there is any applicable insurance but is continuing to investigate.

g.  <u>Motions</u>: The parties do not anticipate filing any motions to add parties or claims, amend pleadings or transfer venue.

h.  <u>Dispositive Motions</u>: Plaintiff anticipates moving for class certification and may move for summary judgment on its claim. Defendant may move for summary judgment.

i.  <u>Complexity</u>: This is a putative class action alleging violations of the Telephone Consumer Protection Act.  The parties do not believe that this action requires the use of the manual for complex litigation.

j.  <u>Status of Discovery</u>:  The parties have not yet engaged in formal discovery.  The parties anticipate exchanging initial disclosures by May 28, 2021.  Plaintiff anticipates serving an initial set of discovery prior to the case management conference. Defendant likewise anticipates serving an initial set of discovery prior to the case management conference.

k.  <u>Discovery Plan</u>:

> (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

The parties have agreed to exchange initial disclosures in the form required by Rule 26(a) by May 28, 2021.

> (B) the subjects on which discovery may be needed:

*Plaintiff*: Plaintiff will be serving discovery directed primarily towards Defendant's defenses to Plaintiff's claims, identifying all parties involved in the making of unsolicited text messages by or on behalf of Defendant, including information relating to the instructions to make the calls and/or Defendant's ratification of the calls, as well as information sufficient to identify the recipients of the calls. This written discovery will seek information maintained by Defendant, any agent of Defendant, and vendors from whom Defendant and its realtors obtain products and services. Plaintiff then intends to depose Defendant relating to its defenses, direction and ratification of its calling practices, and the calls at issue, and serve additional written discovery as necessary. Plaintiff will also depose Defendant's agents, realtors and the third party vendors supplying leads and dialers to Defendant and its realtors.  Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff's and the Class's claims.

*Defendant*: Defendant will be serving discovery directed towards Plaintiff's allegations, including but not limited to documentation as to the registration of Plaintiff's phone number with the Do Not Call registry, proof of her address at the time of the call, how long she has had the phone number in question.  Defendant will also take the deposition of Plaintiff.

    (C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties have not presently identified any potential issues relating to the preservation of discoverable information, and agree to take required measures to ensure preservation of relevant information. The parties will endeavor to jointly prepare a suitable ESI protocol for entry by the Court.

    (D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

The parties do not anticipate any issues regarding claims of privilege or of work product protection. The parties have not yet reached agreement on a procedure to assert claims of privilege or work product after production, but will continue to discuss this issue as discovery proceeds.

    (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

The parties do not believe any limitations on discovery should be imposed other than as provided in the federal and local rules.

    (F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):

The parties will endeavor to jointly prepare a suitable protective order for entry by the Court.

l.      <u>Discovery Cut-Off</u>: March 24, 2022

m.     <u>Expert Discovery</u>:

The parties propose that affirmative expert disclosures should occur by or on February 10, 2022, rebuttal expert disclosure by or on March 3, 2022, and expert discovery cut-off of March 24, 2022.

n.      <u>Settlement Conference/ADR</u>:

The parties have engaged in preliminary settlement discussions, and will continue to discuss settlement as the matter progresses. The parties agree to private mediation of this action and believe that it should take place by December 1, 2021.

o.      <u>Trial Estimate</u>: The parties believe that any trial estimate will be significantly impacted by this Court's ruling on class certification issues. Nevertheless, to comply with the Court's Order, the parties estimate that, as Plaintiff has demanded a jury trial, trial may require 5-7 days if the matter proceeds as a class action and 3-5 days if the matter proceeds as an individual action.

p.      <u>Trial Counsel</u>: Plaintiff's trial counsel: Rachel E. Kaufman of Kaufman P.A., 400 NW 26th St., Miami, FL 33127.  Defendant's trial

counsel:Richard M. Rosenthal, Esq, 8730 Wilshire Blvd. Suite 350, Beverly Hills, CA. 90211

q.  Independent Expert or Master:  The parties do not believe that the court should consider appointing a master or an independent scientific expert for this case.

r.  Schedule Worksheet: The Schedule of Class Certification Dates Worksheet is attached hereto.

s.  Other Issues:

The parties have agreed to service of all documents filed on CM/ECF through CM/ECF and service of all other documents by email to the following email addresses:

Plaintiff: rachel@kaufmanpa.com; kaufman@kaufmanpa.com.

Defendant: rckrsnthl@gmail.com

                                            Respectfully Submitted,

Dated: May 20, 2021            By: */s/ Rachel E. Kaufman*
                                          Rachel E. Kaufman
                                          rachel@kaufmanpa.com
                                          KAUFMAN P.A.
                                          400 NW 26th Street
                                          Miami, FL 33127
                                          Telephone: (305) 469-5881

|   |   |
|---|---|
|   | *Counsel for Plaintiff and all others similarly situated* |
| Dated: May 20, 2021 | */s/ Richard M. Rosenthal*<br>Richard M. Rosenthal, Esq.<br>Valentina Kudryavtseva, Esq.<br>8730 Wilshire Blvd. Suite 350<br>Beverly Hills, CA. 90211<br>Email: rckrsnthl@gmail.com<br>Telephone: (310) 474-3044 |
|   | *Attorneys for Defendant*<br>*Real Estate Heaven International, Inc.* |

## **ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)**

Pursuant to Local Rule 5-4.3.4(2)(i), I, Rachel Kaufman, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By:  */s/ Rachel E. Kaufman*
           Rachel E. Kaufman